## AMELIA ISLAND BANK v. WILLIAMS
### No. 77-297-CA
Circuit Court, Nassau County
November 1, 1978

Granville C. Burgess, for the appellant.

Lewis Williams, in proper person, appellee.

JOHN S. COX, Circuit Judge.

This is an appeal from a final judgment entered December 2, 1976 by the County Court of Nassau County, Florida in Case No. 76-30-CC. Appellant (plaintiff below) appeals only that portion of said judgment which denied recovery from Appellee Williams (one of the co-defendants below).

Appellee Williams co-signed a "Security Agreement-Retail Installment Contract". This was a so-called "Retain Title Contract" covering the sale by Kelly Walker Chevrolet-Buick-Pontiac, Inc. of a 1974 Chevrolet automobile to Appellee and his "co-buyer" (co-defendant below), Lillie V. Rauls, for a total purchase price of $4,829.67, payable in specified monthly installments. This "Security Agreement-Retail Installment Contract" was duly assigned by Kelly Walker to the Appellant and thereafter Appellant repossessed said automobile due to default in the making of the required installment payments and sold said automobile on April 15, 1975, applying the proceeds of the sale to the indebtedness, leaving a balance of $1,604.14 remaining due on said indebtedness.

In its lawsuit in the Trial Court Appellant sought recovery from both the Appellee and his co-defendant the deficiency of $1,604.14, plus interest thereon from April 15, 1975, costs and attorneys fees. Judgment was entered by the Trial Court in favor of Appellant and against Appellee's co-defendant, Lillie V. Rauls, for $1,884.14, but the Trial Court denied recovery from Appellee, ruling that Appellant's oral notice of the sale and written notice of the sale by regular mail to the Appellee, Lewis Williams, was insufficient to comply with the notice requirements of Florida Statute 679.9-504(3) and that Appellant's failure to send notice of the sale of this collateral to Appellee by registered or certified mail constituted a bar to recovery of a deficiency judgment from Appellee. Appellant contends that the Trial Court erred in so ruling and this Court agrees.

Obviously the learned trial judge found from the evidence that the Appellant had, in fact, sent to the Appellee, Lewis Williams, timely notice of the intended sale of the collateral by regular mail, but that such notice by regular mail was insufficient to satisfy the requirements of Florida Statute 679.9-504(3). The pertinent portions of that statute require that:

> "***reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be *sent* by the secured party to the debtor***" (Emphasis supplied.)

This statute does not require that such notice must be sent by *registered* or *certified* mail, but merely that reasonable notice must be *sent*. Granted that it would be better practice to send such notice by registered or certified mail so that the secured party could present documented proof that the notice was timely and properly dispatched to the debtor, still the statute does not *require* such procedure. To the contrary, the word "send" is defined in another section of the Uniform Commercial Code (Florida Statute 671.1-201(38) as follows:

> " 'Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances.****"

This Court rules that the notice requirements of Florida Statute 679.9-504(3) are properly met when such notice is dispatched to a

54

debtor by regular mail properly addressed and with the requisite postage affixed. The learned trial judge having found that such was done in this case, this Court must and does hereby reverse the judgment appealed from only insofar as the same denies recovery against the Appellee, Lewis Williams. This cause is hereby remanded to the Trial Court for the entry of an appropriate judgment in favor of the Appellant and against the Appellee, Lewis Williams.